## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FRANKLIN A. CALVIN,      )
                )
       Plaintiff,      )
                )
v.                 )
                )  Case No.  16-1415-C
SEQUEL OF OKLAHOMA, LLC d/b/a  )
SEQUEL YOUTH & FAMILY    )
SERVICES,            )
                )
       Defendant.    )

## ANSWER

Defendant Sequel of Oklahoma, LLC d/b/a Sequel Youth and Family Services[1]

("Defendant" or "Sequel") for its Answer to Plaintiff's Complaint, states as follows.

Unless specifically admitted herein, all allegations are deemed denied.

## PARTIES

1.    Regarding the allegations contained in paragraph 1 of Plaintiff's Complaint,

Sequel admits that Plaintiff is Franklin A. Calvin and that he is an adult male. Sequel is

without sufficient information on which to either admit or deny the remaining allegations

contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.    Sequel admits the allegations contained in paragraph 2 of Plaintiff's

Complaint.

---

[1] Sequel of Oklahoma, LLC d/b/a Sequel Youth and Family Services is improperly named as a Defendant and/or the employer.  Sequel of Oklahoma, LLC d/b/a Rose Rock Academy is the proper name for the Defendant and/or the employer.

## JURISDICTION AND VENUE

3.      Regarding the allegations contained in paragraph 3 of Plaintiff's Complaint, Sequel admits the allegations regarding the federal and state laws under which Plaintiff is bringing his claims. However, Sequel denies that this Court has jurisdiction to hear Plaintiff's state law claim for workers' compensation retaliation because the Oklahoma Workers' Compensation Commission has exclusive jurisdiction to hear Plaintiff's claim. As such, Sequel is filing a *Motion for Partial Dismissal of Plaintiff's Complaint* contemporaneously with this Answer. Sequel further denies that it engaged in any wrongful or unlawful conduct.

4.      Sequel admits the jurisdictional allegations contained in paragraph 4 of Plaintiff's Complaint as they relate to the ADA, the ADAAA, the FMLA, and wrongful discharge for whistleblowing under Oklahoma law.  However, Sequel denies that this Court has original or supplemental jurisdiction to hear Plaintiff's state law claim for workers' compensation retaliation because the Oklahoma Workers' Compensation Commission has exclusive jurisdiction to hear Plaintiff's claim. As such, Sequel is filing a *Motion for Partial Dismissal of Plaintiff's Complaint* contemporaneously with this Answer. Sequel further denies that it engaged in any wrongful or unlawful conduct.

5.      Regarding the allegations contained in paragraph 5 of Plaintiff's Complaint, Sequel admits that Plaintiff filed a Charge of Discrimination with the EEOC on or about March 30, 2016 and that the EEOC issued a Dismissal and Notice of Right to Sue to Plaintiff dated October 26, 2016. The remaining allegations contained in paragraph 5 of

Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

6.     Sequel admits the venue-related allegations contained in paragraph 6 of Plaintiff's Complaint as they relate to the ADA, the ADAAA, the FMLA, and wrongful discharge for whistleblowing under Oklahoma law.   However, Sequel denies that Plaintiff's state law claim for workers' compensation retaliation was filed in the proper venue because the only venue for Plaintiff's claim is the Oklahoma Workers' Compensation Commission. As such, Sequel is filing a *Motion for Partial Dismissal of Plaintiff's Complaint* contemporaneously with this Answer. Sequel further denies that it engaged in any wrongful or unlawful conduct.

## STATEMENT OF FACTS

7.     Regarding the allegations contained in paragraph 7 of Plaintiff's Complaint, Sequel admits that Plaintiff was employed by Sequel as a Residential Counselor ("RC") at its Rose Rock Academy ("RRA") residential treatment facility which provided care for children diagnosed with an Autism Spectrum Disorder and who displayed disruptive behaviors. However, Sequel denies it was Plaintiff's employer prior to in or about March 2011. Sequel clarifies that Plaintiff began his employment with Sequel in or around March 2011 when Sequel acquired RRA from its prior owner. Sequel denies the remaining allegations in paragraph 7 of Plaintiff's Complaint.

8.     Sequel denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

3

9.     On information and belief, Sequel admits that Plaintiff was diagnosed with Type II Diabetes in or around 2007 and that he was insulin dependent in or around 2015. Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, and on that basis denies the same.

10.     Regarding the allegations contained in paragraph 10 of Plaintiff's Complaint, Sequel admits that Plaintiff applied for intermittent FMLA leave during his employment based upon his report of a serious medical condition, diabetes, and his request was granted. Sequel denies that Plaintiff's intermittent FMLA leave continued throughout his employment. Sequel is currently without sufficient information on which to either admit or deny the remaining allegations, and on that basis denies the same.

11.     Regarding the allegations contained in paragraph 11 of Plaintiff's Complaint, Sequel denies that Plaintiff was written up in or around 2014 by Ms. Bell, Unit Leader for being tardy and clarifies that Plaintiff was issued a coaching note for tardiness. Sequel further clarifies that at the time Plaintiff was issued the coaching note, he was not on FMLA leave. Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and on that basis denies the same.

12.     Regarding the allegations contained in paragraph 12 of Plaintiff's Complaint, Sequel denies that in early 2015 it began experiencing short staffing and that as a result avoidable workplace accidents occurred. Sequel further denies that the workplace accidents Plaintiff alleges he suffered were due to short staffing. To the extent

Plaintiff's allegations relate to his workers' compensation retaliation claim; as illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, Plaintiff's allegations in Paragraph 12 are subject to dismissal because this Court lacks subject matter jurisdiction.

13.     Regarding the allegations contained in paragraph 13 of Plaintiff's Complaint, Sequel admits that Dwain Shaw became employed by Sequel at RRA, but clarifies Mr. Shaw's title was that of Executive Director and his employment began on or about September 21, 2015.

14.     As illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, Plaintiff's allegations in Paragraph 14 are subject to dismissal because this Court lacks subject matter jurisdiction to hear Plaintiff's workers' compensation retaliation claim.

15.     The allegations contained in paragraph 15 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 15 contains factual assertions, they are denied. Additionally, to the extent the allegations are related to Plaintiff's workers' compensation retaliation claim, as illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, such allegations in Paragraph 15 are subject to dismissal because this Court lacks subject matter jurisdiction to hear Plaintiff's workers' compensation retaliation claim.

16.     Regarding the allegations contained in paragraph 16 of Plaintiff's Complaint, Sequel admits that Plaintiff discussed his medical condition with Mr. Shaw towards the end of 2015. Sequel rejects Plaintiff's characterization of the conversation as

described in paragraph 16 and therefore denies the same. Specifically, Sequel denies that: Plaintiff told Mr. Shaw he needed a safe, climate controlled place to store his insulin and needles; Sequel removed all refrigerators from the housing units; other acceptable locations were too far from Plaintiff's work unit in instances were Plaintiff immediately needed insulin; Mr. Shaw told Plaintiff to submit his request in writing and it would be considered; Mr. Shaw further directed Plaintiff to submit a new request for intermittent FMLA.

17.    Regarding the allegations contained in paragraph 17 of Plaintiff's Complaint, Sequel admits that Plaintiff submitted FMLA paperwork dated December 14, 2015 to HR Manager LaShonda Suetopka. Sequel denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18.    The allegations contained in paragraph 18 are related to Plaintiff's workers' compensation retaliation claim, and as illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, are subject to dismissal because this Court lacks subject matter jurisdiction to hear Plaintiff's workers' compensation retaliation claim. To the extent the allegations in paragraph 18 are related to Plaintiff's other claims, Sequel is without sufficient information on which to either admit or deny the allegations, and on that basis denies the same.

19.    Regarding the allegations contained in paragraph 19 of Plaintiff's Complaint, Sequel admits that on or about February 1, 2016, Plaintiff met with individuals from an outside resource team as part of an assessment being performed related to RRA's practices. Sequel denies that: staff often had to get hot water from the

kitchen facility for clients to have baths; on one occasion the cafeteria could not be used due to backed up sewage; a kitchen flood resulted in black mold in the facility, including the Windsor Unit. Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 19 of Plaintiff's Complaint, and on that basis denies the same.

20.     Sequel is without sufficient information on which to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint, and on that basis denies the same.

21.     Regarding the allegations contained in paragrah 21 of Plaintiff's Complaint, Sequel admits that as required by Sequel, Plaintiff submitted an Incident Report on or about February 2, 2016 regarding the incident relating to the behavior exhibited by a male student towards a female student, a roommate. Sequel denies that Plaintiff's Incident Report adequately described the incident and further denies that Plaintiff's characterization in his Complaint accurately describes the incident. Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint, and on that basis denies the same. To the extent the allegations contained in paragraph 21 of Plaintiff's Complaint state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

22.     Regarding the allegations contained in paragraph 22 of Plaintiff's Complaint, Sequel rejects Plaintiff's characterization of the conversation as described and on that basis denies the same. Specifically, Sequel clarifies that Brian Harden, Group Living Director (not Program Manager) asked Plaintiff to clarify or rewrite his report to

provide more detail in order to reflect a full and accurate description of the incident as Plaintiff's statement was vague and ambiguous. Plaintiff refused and stated he would rewrite his report if Mr. Harden told him what to write. Mr. Harden replied that he could not do that as he was not witness to the incident and advised Plaintiff that his report as written was confusing to others who read it. Mr. Harden asked Plaintiff to verbally describe the incident which further supported the inadequacy of Plaintiff's written description of the incident. Mr. Shaw also explained to Plaintiff the importance of accurate and complete documentation. Plaintiff again refused.

23. Regarding the allegations contained in paragraph 23 of Plaintiff's Complaint, Sequel admits that Plaintiff was called in to a meeting later that day. Sequel rejects Plaintiff's characterization of the conversation as described in paragraph 23 and on that basis denies the same. Specifically, Sequel clarifies that Mr. Shaw explained again why Plaintiff's report was vague and ambiguous and why a precise description of the incident was needed. Plaintiff again refused to clarify his report. Sequel further admits that Plaintiff stated he was not trying to be insubordinate and that Mr. Shaw disagreed.

24. Sequel rejects Plaintiff's characterization of the conversation as described in paragraph 24 and on that basis denies the same. Sequel specifically denies that such conversation was one hour later and that it included discussions relating to Plaintiff's unit assignments (referring to Calvin's alleged reasonable accommodation request), Calvin's alleged disability, Mr. Shaw's and Mr. Harden's responsibility to protect the female child, census issues and providing a safe environment for Sequel clients. Sequel further

8

specifically denies that Mr. Shaw told Plaintiff he was terminated. Sequel clarifies that after Plaintiff repeatedly refused to submit an accurate and complete report he was placed on a one-day suspension without pay for insubordination and was told to leave his keys on the desk.

25.    Sequel denies the allegations contained in paragraph 25 of Plaintiff's Complaint. To the extent paragraph 25 states legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

## COUNT I - ADA/ADAAA[2]

26.    The allegations contained in paragraph 26 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 26 contains factual assertions, they are denied.

27.    The allegations contained in paragraph 27 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 27 contains factual assertions, they are denied.

28.    The allegations contained in paragraph 28 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 28 contains factual assertions, they are denied.

29.    The allegations contained in paragraph 29 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 29 contains factual assertions, they are denied.

---

[2] Regarding the following unnumbered paragraph of Plaintiff's Complaint, Sequel incorporates by reference its allegations, admissions, and denials in all of the preceding paragraphs of the Complaint.

30.     The allegations contained in paragraph 30 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 30 contains factual assertions, they are denied.

31.     The allegations contained in paragraph 31 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 31 contains factual assertions, they are denied.

32.     Sequel denies the allegations contained in paragraph 32 of Plaintiff's Complaint. To the extent paragraph 32 contains legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

33.     Sequel denies the allegations contained in paragraph 33 of Plaintiff's Complaint. To the extent paragraph 33 contains legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

## COUNT II - FMLA[3]

34.     The allegations contained in paragraph 34 of Plaintiff's Complaint state legal conclusions and Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent paragraph 34 contains factual assertions, they are denied.

35.     Regarding the allegations contained in paragraph 35 of Plaintiff's Complaint, Sequel admits that Sequel was an entity with more than 50 employees within a 75 mile radius of Plaintiff's worksite. Sequel further admits that Plaintiff worked for

---

[3] Regarding the following unnumbered paragraph of Plaintiff's Complaint, Sequel incorporates by reference its allegations, admissions, and denials in all of the preceding paragraphs of the Complaint.

Sequel for more than one year and for more than 1,250 hours within one year during certain times of his employment. Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint, and on that basis denies the same. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

36.     Regarding the allegations contained in paragraph 36 of Plaintiff's Complaint, Sequel was aware that, at one time, Plaintiff suffered from diabetes and a leg injury requiring treatment by a medical provider.   Sequel is without sufficient information on which to either admit or deny the remaining allegations contained in paragraph 36 of Plaintiff's Complaint, and on that basis denies the same. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

37.     Sequel denies the allegations contained in paragraph 37 of Plaintiff's Complaint. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

38.     Sequel denies the allegations contained in paragraph 38 of Plaintiff's Complaint. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

39.     Regarding the allegations contained in paragraph 39 of Plaintiff's Complaint, Sequel was aware of the FMLA and its requirements. Sequel denies the remaining allegations contained in paragraph 39. To the extent the allegations state legal conclusions Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

40.     Sequel denies the allegations contained in paragraph 40 of Plaintiff's Complaint. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

## COUNT III - Workers' Compensation Retaliation[4]

41.     As illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, the allegations contained in paragraph 41 of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

42.     As illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, the allegations contained in paragraph 42 of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

43.     As illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, the allegations contained in paragraph 43 of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

44.     As illustrated in Sequel's contemporaneously filed *Motion for Partial Dismissal*, the allegations contained in paragraph 44 of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

---

[4] Regarding the following unnumbered paragraph of Plaintiff's Complaint, Sequel incorporates by reference its allegations, admissions, and denials in all of the preceding paragraphs of the Complaint.

## COUNT IV - *BURK* TORT[5]

45.     Sequel denies the allegations contained in paragraph 45 of Plaintiff's Complaint. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

46.     Sequel denies the allegations contained in paragraph 46 of Plaintiff's Complaint. To the extent the allegations state legal conclusions, Sequel is not required to respond pursuant to Fed. R. Civ. P. 8(b).

## REQUEST FOR RELIEF

Regarding Plaintiff's paragraph containing his prayer for relief, Sequel denies Plaintiff's prayer for relief, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief sought.

## ADDITIONAL/AFFIRMATIVE DEFENSES

Additionally, subject to Sequel's *Motion for Partial Dismissal* filed contemporaneously herewith, and without admitting that it carries the burden of proof as to any of the issues raised thereby, Sequel asserts the following defenses, including affirmative defenses:

1.     Plaintiff's allegations and causes of action fail because Sequel took all employment actions for legitimate, non-discriminatory and non-retaliatory business reasons.

---

[5] Regarding the following unnumbered paragraph of Plaintiff's Complaint, Sequel incorporates by reference its allegations, admissions, and denials in all of the preceding paragraphs of the Complaint.

2.     To the extent Plaintiff alleges acts which occurred outside the applicable statute of limitations, his allegations should be stricken and/or dismissed because they are time-barred.

3.     Plaintiff's claims of unlawful employment discrimination may not exceed, and are limited to, the scope of the EEOC charge upon which his action is predicated. Plaintiff's claims are barred in whole or in part to the extent they were not raised in his administrative charge.

4.     Plaintiff is not a qualified individual with a disability as that term is defined by the ADA/ADAAA.

5.     Plaintiff's allegations and causes of action fail because the accommodations proposed by Plaintiff, if any, were not reasonable and/or would have created an undue hardship to the operation of Sequel's business.

6.     Plaintiff's ADA/ADAAA claims fail as a matter of law.

7.     Plaintiff's claims are barred or diminished to the extent he has failed to mitigate his damages, the existence of which are denied.

8.     Sequel has in place clear and well-disseminated policies against discrimination and retaliation on the basis of all protected statuses, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Sequel, his employer, or to avoid harm otherwise, Plaintiff's claims for damages are barred or limited.

9.      Sequel is not liable for punitive damages because neither it nor any of its officers, directors, or managing agents committed any acts that were willful, wanton or, in reckless disregard of Plaintiff's rights. Further, Sequel is not liable for punitive damages because of its good faith efforts to comply with federal and state employment discrimination and retaliation laws.

10.     Sequel acted in good faith in all its actions with respect to Plaintiff's employment at Sequel.

11.     Plaintiff has failed in whole or in part, to state a claim upon which relief may be granted.

12.     Plaintiff's FMLA claim fails because Sequel would have taken the same employment actions even if Plaintiff had never requested or taken protected leave.

13.     Plaintiff's causes of action pursuant to the Family Medical Leave Act fail as a matter of law.

14.     Pleading in the alternative, even if prohibited reasons are found to be a motivating factor in the acts or omissions of Sequel, which was not the case, Sequel would have made the same decisions in the absence of impermissible motivation, based on legitimate, non-discriminatory, non-retaliatory business reasons.

15.     Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, waiver, and/or the after-acquired evidence doctrine.

16.     Plaintiff's *Burk* tort Oklahoma public policy claim fails as a matter of law.

17.    Damages, if any, suffered by Plaintiff were caused, in whole or in part, by Plaintiff's own actions and/or by sources other than Sequel over which Sequel exercised no control.

18.    This Court lacks subject matter jurisdiction over Plaintiff's workers' compensation retaliation claim, as the exclusive jurisdiction for such a claim is with the Oklahoma Workers' Compensation Commission.

19.    Plaintiff's cause of action for workers' compensation retaliation fails as a matter of law.

20.    Sequel reserves the right to amend its Answer and assert any additional affirmative defenses upon completion of discovery and after the Court has ruled on Sequel's *Motion for Partial Dismissal* filed contemporaneously herewith.

WHEREFORE, having answered fully, Sequel of Oklahoma, LLC d/b/a Rose Rock Academy prays that Plaintiff's request for relief be denied, that judgment be entered in Sequel's favor, and that Sequel be awarded costs and such other relief as the Court deems appropriate.

Respectfully submitted,


s/Tanya S. Bryant
Tanya S. Bryant, OBA #20170
Gaylan Towle II, OBA #32884

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100

16

Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
tanya.bryant@crowedunlevy.com
gaylan.towle@crowedunlevy.com

ATTORNEYS FOR DEFENDANT SEQUEL
OF OKLAHOMA, LLC d/b/a ROSE ROCK
ACADEMY

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on this 20th day of January, 2017, I electronically transmitted the foregoing document to the Court Clerk using the EFC System for filing.  The Court Clerk will transmit a Notice of Electronic Filing to the following EFC registrants:

Jana B. Leonard
Lauren W. Johnston
Leonard & Associates, PLLC
8265 S. Walker
Oklahoma City, OK  73139
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

ATTORNEYS FOR PLAINTIFF


                        s/Tanya S. Bryant
                         Tanya S. Bryant

3152349.4