IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FRANKLIN A. CALVIN, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-16-1415-C
 )
SEQUEL OF OKLAHOMA, LLC )
d/b/a SEQUEL YOUTH AND )
FAMILY SERVICES )
 )
 Defendant. )

MEMORANDUM OPINION AND ORDER

Plaintiff filed this case alleging that Defendant[1] violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2615 et seq., and asserting a state law workers' compensation retaliation claim, 85A Okla. Stat. § 7, and a Burk tort[2] claim. Defendant filed a Partial Motion to Dismiss (Dkt. No. 12) and Plaintiff has responded. The Motion is now at issue.

Defendant argues the workers' compensation claim, or Count III, must be dismissed because this Court lacks subject matter jurisdiction. Motions to dismiss made pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction may take two forms: facial or factual attacks. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citation omitted). A facial attack questions subject matter jurisdiction based solely on the

---

[1] Defendant states it was improperly named. The proper name for Defendant/employer is Sequel of Oklahoma, LLC d/b/a Rose Rock Academy.

[2] Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24 (adopting an exception to the general at-will termination rule and allowing tort recovery for cases when the termination of an employee is a clear violation of public policy as stated by constitutional, statutory, or decisional law).

complaint's allegations and the court accepts all well-pleaded facts as true. Id. at 1003 (citation omitted). A factual attack is permitted to go "beyond the factual allegations of the complaint and present[] evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Muscogee (Creek) Nation v. Oklahoma Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (citation omitted). A factual challenge will cause the court to resolve the motion under the Rule 12(b)(6) standard "[i]f the jurisdictional question is intertwined with the merits of the case." Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987) (citation omitted). Because federal courts have limited jurisdiction, "the party invoking federal jurisdiction bears the burden of proof" to overcome the presumption against jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005) (citation and internal quotation marks omitted).

Here, neither party has challenged Plaintiff's facts. Thus, the facial attack form of the Rule 12(b)(1) standard applies and the Court will examine whether it has subject matter jurisdiction over the claim.

Defendant argues the Administrative Workers' Compensation Act ("AWCA") grants exclusive jurisdiction to the Workers' Compensation Commission ("Commission") for all retaliation claims arising after February 1, 2014. See 85A Okla. Stat. § 7(B). The Court agrees. Plaintiff's Complaint states his injuries occurred "in or around early 2015," "in or around Summer 2015," and "[i]n or around November 2015." (Comp., Dkt. No. 1, p. 4.) Plaintiff further alleges that Defendant took retaliatory action on February 3, 2016. (Comp., Dkt. No. 1, p. 6-7.) Because all of the events transpired after the AWCA granted exclusive jurisdiction to the Commission, the Court finds it does not have jurisdiction over

2

this claim.  See Debose v. Wal-Mart Assocs., Inc., No. CIV-16-254-M, 2016 WL 2939539, at *2 (W.D. Okla. May 19, 2016) (finding the Commission has exclusive jurisdiction over retaliation claims arising under the AWCA).

Plaintiff argues the Court should hold the case in abeyance until the Oklahoma Supreme Court issues its ruling on two pending cases,[3] reasoning that judicial economy would best be served through an abeyance.  Defendant states that a delay would cause prejudice and financial harm.  Plaintiff has failed to bear his jurisdictional burden of proof and the Court will not hold the case in abeyance while Plaintiff waits in hope of another court's favorable decision.[4]  See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1483-85 (10th Cir. 1983) (discussing the court's inherent power to control its docket and balance the interests inherent in such matters, stating "[t]he underlying principle clearly is that the right to proceed in court should not be denied except under the most extreme circumstances") (citation and internal quotation marks omitted). Although this claim is dismissed, Plaintiff's retaliation claims asserted under other bodies of law remain to be adjudicated on the merits.

---

[3] The referenced Oklahoma Supreme Court Cases currently pending are Hopson v. Exterran Energy Solutions, LP, Case No. 113563 (whether the Commission has exclusive jurisdiction over retaliation claims pursuant to 85A Okla. Stat. § 7(B)) and Young v. Station 27, Inc., et al., Case No. 113334 (arguing 85A Okla. Stat. § 7(B) is an unconstitutional restraint on the right to jury trial and the statute is a special law that sanctions those who complain of workplace discrimination).

[4] Given the lack of subject matter jurisdiction, the Court will not address the right to jury trial or Burk tort arguments.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Partial Dismissal (Dkt. No. 12) is GRANTED. Count III is dismissed.

IT IS SO ORDERED this 15th day of February, 2017.

ROBIN J. CAUTHRON
United States District Judge